Dey v. Anderson.

---

ENOCH DEY, ABRAHAM WYCKOFF AND EDWARD SAVIGE, PARTNERS, &c., v. ABIJAH A. ANDERSON AND SAMUEL P. VOORHEES.

A furnished to B, on a running account, materials which went into several buildings. A note was given for the entire account. The note was renewed by another. When the latter matured it was divided

Dey v. Anderson.

into two notes—one for $150, payable in one month, and one for $419.50, payable in three months. The $150 note was not paid when due. The remaining note did not mature until the period for filing a lien for any part of the account would have expired. A selected certain items from the account which went into the house of C, and filed a lien for the price of said items, all being a less sum than $150. *Held*—

1. That the fact of the $419.50 note being outstanding and not due, suspended the right to file a lien and bring suit upon that portion of the account which that note represented.

2. That that note should be applied by rules analogous to those governing the application of payments.

3. Although there were rights to file liens upon separate buildings, for different parts of the account, yet A and B, the debtor and creditor, having treated the account as a running account, the application of the note must be made to the earliest items.

This is an action upon a lien-claim. Anderson is the builder and Voorhees the owner. No plea was filed by Anderson, and a judgment was entered against him.

Judgment went in favor of the owner, Voorhees. The case is certified to this court for its advisory opinion upon the following statement of facts:

"It appeared in evidence that the material mentioned in the lien-claim named, and the plaintiffs' declaration, was sold and delivered by the plaintiffs to the defendant Anderson, as stated therein, and the same was used in the erection and construction of the house of the defendant Voorhees, as also stated therein.

"That said Voorhees is the owner of said house and the curtilage whereon it is erected, as described in said lien-claim and the pleadings in the cause.

"That the lien-claim was filed in the clerk's office of the county of Monmouth, on March 16th, 1875, and on the same day a summons was issued thereon in this cause, and the issuing of the summons endorsed on the lien-claim as required by law.

"That the lien-claim and pleadings in the cause are as per the certified copy thereof.

"That the account mentioned in the lien-claim and declaration, amounting to $114, is a part of an account against the

defendant Anderson, extending from February 28th, 1874, to April 14th, 1874, amounting to $559.43, a copy of which is hereto annexed.

"That the items of March 17th and 26th, 1874, in the lien-claim and narr., are a part of the items of March 17th and 30th, 1874, as set forth in the account extending from February 28th to April 14th, 1874.

" That the materials mentioned in the account last named, other than those mentioned in the plaintiffs' lien-claim and declaration, were used in the construction of other houses than the house of said Voorhees.

" That on the 18th of July, 1874, the defendant Anderson gave his note to the plaintiffs, dated on that day, for the sum of $569.50, payable three months after date, in liquidation of said account, it being the amount of the account with the discount added, for which note a credit was then given, less the discount, which balanced the account.

" That on October 21st, 1874, when said note came due, it was renewed by a new note given by said Anderson to the plaintiffs, for the sum of $569.50. This note was a three-months note, and bears the date last named.

" That when this last-named note came due, it was renewed by two notes, both bearing date January 20th, 1875, given by said Anderson to the plaintiffs—one payable one month after date, for the sum of $150, the other payable three months after date, for the sum of $419.50.

" That neither of said notes, nor any part of them, has been paid, and no lien-claim has been filed for any other part of said account.

" That the plaintiffs produced the note of the date of January 20th, 1875, for $150, payable one month after date, and offered to credit upon it the amount of the claim sued for.

" It appeared in the evidence that neither of the two notes last named were appropriated toward any particular part of the said account, but were given in renewal of the prior note."

The following is a copy of the entire account against Anderson:

Dey v. Anderson.

*Hightstown Lumber Yard, and Planing and Molding Mill.*

Enoch Dey. ⎫
A. B. Wyckoff, ⎬      HIGHTSTOWN, N. J., July 1st, 1874.
E. H. Savige. ⎭

MR. ABIJAH A. ANDERSON,
         *To* DEY, WYCKOFF & SAVIGE,   *Dr.*

Dealers in Lumber, Lime, Plaster, Cement, &c.

Manufacturers of Sash, Blinds, Shutters, Doors, Moldings, Window Frames, House Trimmings, Brackets, &c.

Scroll and Circular Sawing done at Short Notice.

Terms of Credit strictly 60 days.
All bills under $10 positively cash.

1874.

| | | | | | |
|---|---|---|---|---|---|
| Feb. 28. | To 226 ft. molding, 1x5, 4½ cts. | $10 17 | | |
| | " 350 " " 1x4, $3.60 | 12 60 | | |
| | " 530 " " 1½x2, $2.70 | 14 31 | | |
| | " 1300 " " 1½x2, $1.75 | 22 75 | $59 83 |
| March 17. | " 4 windows, 12x28, sash 4-light, $3.50 | 14 00 | | |
| | " 8 " 12x34, " 4 " $4.00 | 32 00 | | |
| | " 9 " 12x30, $3.75 | 33 75 | | |
| | " 30 panel brackets, 5 in. $1.25 | 37 50 | | |
| | " 28 prs. scrolls, 45 cts | 12 60 | | |
| 26. | " 8 doors, 1 in. thick, $2.25 | 18 00 | | |
| | " 10 windows, 4-light, sash 1½ in., $5.50 | 55 00 | | |
| | " 11 " 4 " " " $5.00 | 55 00 | | |
| | " 4 " circle head, 2-light, $2.25 | 9 00 | | |
| 30. | " 12 doors, 1¼ in. thick, 2-8x6-8, $2.75 | 33 00 | | |
| | " 14 " " " 2-10x7-6, $3.00 | 42 00 | | |
| | " 5 " seg. head, $3.25 | 16 25 | | |
| | " 1 pr. octagon front doors | 15 00 | | |
| | " 2 " vestibule doors, 1¼ in. thick, $13.50 | 27 00 | | |
| 31. | " 2 large folding doors, $7.50 | 15 00 | | |
| | " 4 doors, 2-4x7-6, 1¼ in. thick, $3.00. | 12 00 | 427 10 |
| April 14. | " 10 prs. seg. head blinds, $3.25 | 32 50 | | |
| | " 11 " " " " $3.00 | 33 00 | | |
| | " 4 " circle " " $1.75 | 7 00 | 72 50 |

                                  $559 43

This is the bill of particulars in the lien-claim and attached to the declaration:

ABIJAH A. ANDERSON,

1874.                  *To* DEY, WYCKOFF & SAVIGE,   *Dr.*

| | | |
|---|---|---|
| March 17. | To 4 windows, 4-light sash, 12x28, $3.50 | $14 00 |
| | " 8 " " " " 12x34, $4.00 | 32 00 |
| | " 9 " " " " 12x30, $3.75 | 33 75 |
| 26. | " 6 1¼-in. doors, $2.75 | 16 50 |
| | " 5 1¼-in. doors, $3.00 | 15 00 |

Interest to be added from July 1st, 1875.

                                  $111 25

Argued at November Term, 1876, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON, and REED.

For the plaintiff, *James S. Aitkin.*

For the defendant, *Wm. H. Vredenburgh.*

The opinion of the court was delivered by

REED, J.   It appears that there was a running account against Anderson, for materials furnished him as the builder of several houses.   One was upon land of Voorhees, against which this lien is filed.   The items of the account for which this action is brought went into this house ; the other items went into other houses.   For the entire account a note was given.   This note was renewed by another.

At the maturity of the last note, the claim was divided, and two notes were given, covering the entire amount due.   One note for $150, payable in one month ; another, for the balance, $419.50, payable in three months.

When the first-mentioned note matured, it was not paid. The remaining note, it is observed, did not mature until after the statutory period for filing a lien for any of the account had elapsed.

The effect of giving such a note was to suspend all right of action upon the account, *pro tanto,* until the maturity of the note.   *Green* v. *Fox,* 7 *Allen* 85 ; *The Highlander,* 4 *Blatch. C. C.* 55 ; *Edwards* v. *Derrickson,* 4 *Dutcher* 33.

The question in this case is this : upon the failure of the maker to pay the note for $150, at its maturity, what part of this account revived ? or, stated differently, upon what part of this account is the still outstanding immatured note applicable ?   Two questions arise :

*First.* Is the rule as to the appropriation of payments, applicable to the appropriation of an undue promissory note?

*Second.* If so, how is the application to be made in this instance ?

It is true that the taking of the debtor's own note was not

technically a payment, unless, by agreement at the time, it is understood to be such.

There was no such agreement in this case. Although not a payment, yet, until due, the note merged in the account proportionately.

The claim itself was as dormant as if paid, unless it was subsequently revived by the failure of the maker of the note to perform his new promise. It may be termed a conditional payment.

There is no reason why the same general rule should not be applied in the application of a note still undue, as if it was strictly a payment.

It is manifest that the party giving it has the right to apply it to any one or more of several debts, or any part of a single debt, just as the voluntary payer of money.

If the maker failed to apply it at the time of giving it, there is no reason why the creditor should not have the power to do so.

If both failed, then that the law should apply it by rules analogous to those directing the application of payments of money. How, then, should this outstanding note be applied?

I think this should be treated as an open running account. It is admittedly such by the books between creditor and debtor, and the liens are dependent upon the debt due for the materials furnished.

Although different portions of this account are enforceable against properties of third parties, yet, as the debtor and creditor have treated the account as a current account in making an application of payment by the debtor to the creditor, we must consider it so treated.

Now, the rule as to payments made on current accounts is, that the debtor may apply when he pays; if he does not, the creditor cannot apply, and the law, if nothing in the circumstances shows a different intent, will apply to the earliest items. 1 *Am. Lead. Cas.* 291.

Nor does the rule differ, although part of the account may be secured and another portion unsecured.

In the leading case of *Devaynes* v. *Noble*, 1 *Meriv.* *528, a balance of debt due from a firm was carried over into the account of the firm after a change in its membership, by death of Devaynes. An attempt was made to apply all payments to the later items of debt, so as to hold Devaynes' estate for the part of the account contracted while he was still in the firm. The court refused to make such application, but applied the payments to the earlier items, because the creditor had treated the account as a running account.

There are but few cases in which the doctrine of application of payments has been applied to current accounts, for the security of different parts of which there are distinct liens. In *Beckel* v. *Petticrew*, 6 *Ohio St. R.* 247, materials were furnished, at different times in the same year, for the erection of buildings on adjoining lots, but the items were all entered in one general account, in the order of the dates of delivery, although liens attached to the several buildings and lots for the use of which they were furnished, yet sums paid generally were applied to the earlier items.

In *Waterman* v. *Younger*, 49 *Mo.* 413, the creditor was allowed to make the application to a part of the account, for which there was a particular lien, but the creditor, upon his journal, had made a distinct charge of the materials furnished to that building.

I think if the furnisher of materials to the builder of several houses, desires to have the lumber which goes into, or is delivered upon the faith of each house, treated as a distinct debt, he should so charge it and treat it. Then, upon the failure of the debtor to apply any payment, he can do so.

Treating this as a running account, and applying the outstanding note to the earlier items, there was no right of action upon the lien against the owner, at the time of bringing the suit, and the Circuit Court is advised that the nonsuit was right.

BEASLEY, CHIEF JUSTICE, and SCUDDER, Justice, concurred.

DIXON, J., (dissenting.)   I am constrained to dissent from the conclusion reached by the majority of the court in this case, for the following reasons :

*First.* The list of items represented by the two notes spoken of, embraced some articles for which the plaintiff, when he furnished them, became entitled to a lien on the defendant's land and building, under the mechanics' lien law, and some items for which he did not become so entitled, and therefore, I think it should be regarded as not a single account, but several accounts, so far as necessary to preserve and enforce that lien.   When the builder gave the two notes for these accounts, without making any special application of them, the plaintiff acquired the right to apply them as he chose, and when the plaintiff made affidavit upon his lien-claim, that the debt now sued for was then justly due and owing, he conclusively exercised that right in such manner as to apply to that debt the note then matured.   This application was one which the law approves, for, ordinarily, when a creditor has a secured and an unsecured debt, and a payment is made generally, the law favors such an application of the payment as will preserve to the creditor the benefit of his security ; much more will the law do this in behalf of creditors so kindly regarded as mechanics and material-men.

*Second.* If this list is to be considered as a single account, I think that the note which first matured should be held to represent those items upon it which would have been paid by the payment of that note at its maturity, viz., the oldest items.   Those items became due when that note became due, and, having never since been paid, remain due to this day. Embraced in those items is a large part of the plaintiff's claim in this suit.

I think, therefore, the non-suit should be set aside.

Judgment of the Circuit Court affirmed.