**CENTURY TRANSIT CO.**
v.
**UNITED STATES.**
No. 11897.

United States District Court,
D. New Jersey.
Aug. 20, 1954.

See also D.C., 99 F.Supp. 692.

Heine & Heine, Norman Heine, Camden, N. J., for plaintiff.

Wm. F. Tompkins, U. S. Atty., Newark, N. J., Charles H. Nugent, Asst. U. S. Atty., Camden, N. J., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Fred S. Gilbert, Jr., Sp. Assts. to Atty. Gen., for defendant.

MADDEN, District Judge.

This is an income tax matter wherein plaintiff, Century Transit Co., a corporation of the State of New Jersey, with its principal place of business in Camden, New Jersey, hereinafter known as Century, having filed its income tax returns for the years in question with the Collector of Internal Revenue, at Camden, New Jersey, sues to recover income tax, declared value excess profits tax, and excess profits tax assessed against it for the years 1939, 1940, 1941.

On January 18, 1943, the Commissioner of Internal Revenue determined deficiencies and Century's tax liability for the years 1939, 1940 and 1941 as follows:

| Year | Income Tax | Declared Value Excess Prof. Tax | Excess Profits Tax | Penalty | Total |
|------|-----------|-------------------------------|-------------------|---------|-------|
| 1939 | $ 940.57 | $248.49 | — | — | $1189.06 |
| 1940 | 1028.61 | 63.69 | — | — | 1092.30 |
| 1941 | 1770.46 | 710.66 | — | — | 2481.12 |
| | | | Total | | $4762.48 |

On December 30, 1943, Century, under protest and duress, paid the Collector of Internal Revenue at Camden, New Jersey, the amount of the deficiency as so determined against it by the Commissioner of Internal Revenue for the year 1939, together with interest thereon.

On January 3, 1944, Century paid the said Collector the amounts of the deficiencies so determined against it by the said Commissioner for the years 1940 and 1941, together with interest thereon.

The total amount of said payments, including interest, was the sum of $5,450.07.

On December 13, 1945, Century filed claims for refunds of said Income and Declared Value Excess Profits Tax for the said years 1939, 1940 and 1941, together with interest thereon, which claims for refund were disallowed by Commissioner of Internal Revenue by registered letter dated November 3, 1948.

Century on December 31, 1935, filed a petition under 77B of the then Bankruptcy Act, 11 U.S.C.A. § 207.

Nick Fiorentino, who prior to the bankruptcy proceedings was the principal stockholder and was actively engaged in the operation of Century's business, continued to operate the business during the time of the bankruptcy proceedings as an employee of the Trustee.

On or about December 9, 1937, Camden Securities Company loaned Century $12,500 which loan ultimately was to be

secured by Century's note and mortgage on all its assets. In order to secure itself during the interim that the mortgage could be properly authorized, executed and delivered, the Camden Securities Company took an assignment of a judgment against the Century in the approximate sum of $10,500 and had execution issued thereon and a Sheriff's Levy made on all of Century's assets. In addition thereto, Camden Securities Company, without paying anything therefor, acquired a number of general creditors claims against Century totalling approximately $6,000. Camden Securities Company then agreed with Century that if it would deliver the note and mortgage which were to be payable in monthly installments of $350 each with interest thereon, it would surrender and assign to Century the judgment and claims. The mortgage was never delivered by Century to Camden Securities Company and it retained the temporary securities.

In January, 1941, Century paid Camden Securities Company the last installment on its loan, whereupon Camden Securities Company gave Century a warrant to satisfy the judgment and assigned the various general creditor claims to Century. Century paid Camden Securities Company nothing for these general creditors claims and they were charged off Century's books.

At the time Camden Securities Company loaned Century the said money, Nick Fiorentino assigned to Camden Securities Company his 98 shares of stock in Century Transit Co. During 1937 to 1941, inclusive, there were only issued and outstanding 100 shares of common stock. At the time of said assignment, Camden Securities Company agreed with Fiorentino, that if he would devote his full time and work faithfully in the operation of Century's business, performing such duties as should be assigned to him by Century, and if Century would repay Camden Securities Company its loan of $12,500, then the Camden Securities Company would sell and assign to him Century's stock then held by it for the sum of $1. Said 98 shares of stock were assigned to Fiorentino in February, 1941, after Century paid off its said loan.

In addition to his activities with Century, Fiorentino, for his own account, operated a garage, and automobile repair shop. Century stored and maintained its busses in Fiorentino's garage for which it agreed to pay Fiorentino $60 a month as rent. This arrangement commenced many years prior to the proceedings in bankruptcy, was continued during bankruptcy by the Trustee, as well as afterwards.

In December, 1937, just after coming out of the bankruptcy proceedings, Century's Board of Directors voted to Fiorentino a weekly salary of $28.

For the years of 1939, 1940 and 1941, Century accrued on its books, as owing to Fiorentino for salary for the year 1939, the sum of $3,744; for the year 1940, the sum of $3,744 and for the year 1941, the sum of $3,450.25 being the differences in the sum of $5,200 ($100 per week) and the sum paid him in cash. The company was on the accrual basis. Fiorentino reported in his income as having received the full sum of $5,200 in each of said years, and paid his income tax thereon. Fiorentino was on the cash basis.

For the year 1939, Century accrued on its books as owing to Fiorentino for rent, the sum of $480, being 8 months rent; for 1940, $720; and for 1941, $720.

These accrued items were not paid in cash by Century within either of the taxable years or within 2½ months thereafter.

On December 31, 1943, Century on its books charged off to the surplus account the amounts previously accrued as owing to Nick Fiorentino for salary and rent. Thereafter Century did not show on its books said amounts as accounts payable or accrued expenses.

Century paid nothing to its various creditors whose claims totalled $2,294.12, which claims were forgiven by the creditors, and which claims were not set up

on Century's books when it came out of the bankruptcy proceedings. Prior to the proceedings the claims appeared as creditor liabilities on Century's book.

During 1940, Century accrued on its books the sum of $1,500 as due Norman Heine for services rendered the corporation as Vice-President. Mr. Heine rendered valuable services to Century and the amount therefor is reasonable. No action thereon by the Board of Directors authorizing the employment of Mr. Heine or the payment of said salary appears in the minute book.

The minute book shows that no regularly scheduled meetings of the Board of Directors, other than annual meetings, were held. After the annual meetings, only two special meetings of the Board were held during the entire year of 1939, one in 1940, and none in 1941.

On December 31, 1943, Century on its books charged off the money previously accrued to Norman Heine as officer salary in the amount of $1,500. Thereafter Century did not show on its books said amounts as accounts payable or accrued expenses.

The grounds alleged in the complaint herein for the refund are the same as those alleged in the Claims for Refund heretofore filed with the Commissioner of Internal Revenue for the years 1939, 1940 and 1941.

The claims asserted by plaintiff are as follows:

(1) That the Commissioner erred in disallowing the following deductions, claimed by the taxpayer for the years indicated:

(a) Salary and rent accrued as payable to Nick Fiorentino, for the years 1939, 1940 and 1941;

(b) Salary accrued as payable to Norman Heine, Esq., for the year 1940, as Vice President of the taxpayer corporation.

(2) That the Commissioner erred in including as income for the years 1939 and 1941, amounts of liabilities which were forgiven by creditors.

The Government in opposition to plaintiff's claims asserts that: (1) that this Court is without jurisdiction to hear and determine this matter; (2) that the Commissioner properly denied as deductions from the corporate returns those sums claimed to have been accrued as salary and rent to Nick Fiorentino, for the years 1939, 1940, and 1941, and the sum of $1,500 accrued as salary to Norman Heine, Esq., in 1940, as Vice President of the company; (3) that the Commissioner properly included as income for 1939 and 1941, those items of liabilities which were forgiven by creditors.

■■■ As to the question of jurisdiction, the Government has previously interposed its challenge, and this Court, in an opinion filed August 24, 1951, found against the Government.[1] Of course, this does not preclude reassertion and reconsideration of the jurisdiction question, for this Court being a statutory court must be ever mindful of the confines of its jurisdiction at all stages of a proceeding. However, reexamination of the law leads the Court to the same conclusions as those expressed previously.

■■■ The Government opposes the deductions attributed by the taxpayer, Century, to Nick Fiorentino, urging primarily that they fall within the prohibitions of Section 24(c) of the Internal Revenue Code.[2] It becomes necessary to consider

1. Century Transit Co. v. U. S., D.C.N.J. 1951, 99 F.Supp. 692.

2. "§ 24. Items not deductible
  "(a) General Rule. In computing net income no deduction shall in any case be allowed in respect of—
  *  *  *  *  *
  "(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate;
  *  *  *  *  *
  "(c) Unpaid expenses and interest. In computing net income no deduction shall be allowed under section 23(a), relating to expenses incurred, or under section 23(b), relating to interest accrued—
  "(1) If such expenses or interest are not paid within the taxable year or with-

Section 24(b) (1) (B), as incorporated by reference, and as "integrated to carry into effect their combined purpose."[3] Therefore, we must examine the facts in light of the statute, to ascertain whether or not all three elements, or conditions, of 24(c) are present. For it is settled law, that *all* must be established in fact for the statute to preclude the deduction allowable generally.[4] Anthony P. Miller, Inc, v. Commissioner, 3 Cir., 1947, 164 F.2d 268, 4 A.L.R.2d 1219.

The issues here presented for resolution are:

(1) Was the claimed deduction paid within 2½ months after the close of the taxable year?

(2) Was the accrued item in question "not includible" in the gross income of Nick Fiorentino?

(3) Was Nick Fiorentino the owner, during the periods in question of more than 50% of the stock of the taxpayer corporation?

While it is clear from the record and the stipulations, that the directors committed the corporate taxpayer to pay Mr. Fiorentino a salary of $100 per week and a stipulated rent, even though such action was informal, and a lesser amount was actually paid creating the problem presented, it is likewise clear from the facts that the corporate taxpayer took no action which could bring the matter within the rule of constructive payment as defined by the cases.[5]

It is stipulated, that the corporation carried these items on its books as accrued items, only until December 31, 1943, at which time they were charged off to surplus, and the accrual discontinued. It is likewise clear from the facts that no notes, or other form of security, or payment, was made to Mr. Fiorentino. It is equally discernible from all the

---

in two and one half months after the close thereof; and

"(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

"(3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24(b)."

26 U.S.C.1946, ed., § 24.

3. "§ 24. Items not deductible
"(b) Losses from sales or exchanges of property
"(1) Losses disallowed. In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—

\* \* \* \* \*

"(B) Except in the case of distribution in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual".

26 U.S.C.A. § 24(b) (1) (B).

See Musselman Hub-Brake Co. v. Commissioner, 6 Cir., 1943, 139 F.2d 65, 67.

4. "§ 23. Deductions from gross income.

"(a) Expenses
"(1) Trade or business expenses.
"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. \* \* \*"

As amended by Sec. 121(a), Revenue Act of 1942, c. 619, 56 Stat. 798.

26 U.S.C.1946 ed., § 23.

5. Anthony P. Miller, Inc., v. Commissioner, 3 Cir., 1947, 164 F.2d 268, 4 A.L.R. 2d 1219, certiorari denied 333 U.S. 861, 68 S.Ct. 741, 92 L.Ed. 1140; P. G. Lake, Inc., v. Commissioner, 5 Cir., 1945, 148 F. 2d 898, certiorari denied 326 U.S. 732, 66 S.Ct. 41, 90 L.Ed. 436, rehearing denied 326 U.S. 811, 66 S.Ct. 229, 90 L.Ed. 495; Hyland v. Commissioner, 2 Cir., 1949, 175 F.2d 422; Musselman Hub-Brake Co. v. Commissioner, supra; Commissioner of Internal Revenue v. Mundet Cork Corp., 2 Cir., 1949, 173 F.2d 757, following the 3rd Circuit.

facts, that the corporate taxpayer was not capable financially of paying these items at the time here in question; but conversely, it was at that very time emerging from bankruptcy, and endeavoring to make its installment payments to Camden Securities Company, this being obviously necessary, in order to protect the stock of Fiorentino held by Camden Securities Company.

The Court concludes, therefore, that number 1 of the statute is present.[6]

Next as to number 2 of the statute, supra. Century was using an *accrual* accounting basis; Mr. Fiorentino, was on a *cash* basis. Mr. Fiorentino reported these items as having been received, although in fact he did not receive them during the years in question, nor as far as this record is concerned, has he ever received them as such.

When Congress wrote this legislation it did not use the word "included," but rather, it very specifically stated "not, unless paid, includible" according to the method of accounting of the person to whom the payment is to be made.[7] Mr. Fiorentino being on a cash basis, under these facts and circumstances, these items were not properly "includible" in his returns, and his voluntary reporting of them, or his inclusion of them as income received, cannot now change the fact and the legal significance of these items.[8] For Mr. Fiorentino was on a cash basis accounting method; the items in question were not includible, and were not in fact paid within the time required, either actually or constructively; therefore, section 24(c) (2) of the statute is applicable.

Considering next, the third provision of section 24(c) of the statute, being that of stock ownership, Century argues that the stock of Nick Fiorentino, at the time in question, was owned and held by the Camden Securities Company. It has been demonstrated factually, that this stock was pledged as further security for the $12,500 obligation of Century, by reason of the loan to Century by the securities company; and under the terms of this loan, as long as Century was not in default on this obligation, the real and true ownership in fact, under the wording of the statute here in question, "of the outstanding stock * * * of which is owned directly, or indirectly, by or for the same individual" was in Nick Fiorentino, subject, of course, to the outstanding debt.

■ The Court concludes, therefore, that insofar as the salary and rent items attributed to Mr. Fiorentino are concerned, that they fall within the proscription of section 24(c) of the Act, supra, and that the Commissioner correctly ruled them not deductible.

Coming next to the salary of $1,500 to be paid to Norman Heine, Esq., during the year 1940, and carried on the books of the corporate taxpayer as an accrued item. It is undisputed from the testimony of Mr. Heine, that this was agreed to and payment committed for by the directors of the corporation. Mr. Heine is a highly regarded and respected member of the Bar; this coupled with the complete absence of contradiction on the part of the Government, it is taken, therefore, to be an established fact.

■ As stated above, all three elements of section 24(c) of the statute must be present to foreclose the attempted deduction, otherwise the deduction is allowable,[9] all other conditions of section 23[10] being met, particularly with respect to reasonableness. Mr. Heine was not a stockholder and, consequently, one element of the three-fold proscription of the statute is absent and hence fails as a disqualification of the claimed deduction. The Court finds, therefore, that the sum of $1,500 accrued on the books of the taxpayer cor-

---

6. 26 U.S.C.A. § 24(c) (1), note 2 ante.

7. See *Lincoln Storage Warehouses v. Commissioner*, 3 Cir., 1950, 189 F.2d 337, 342, 28 A.L.R.2d 595, note 11; note 5 ante.

8. *Musselman Hub-Brake Co.* v. *Commissioner, supra.*

9. Note 8, supra.

10. Note 4, supra.

poration for the year in question was a reasonable business expense, reasonable as to amount, and that the Commissioner erred when he failed to allow such item as a proper deduction for the taxable year of 1940.

Next to be considered, is the proposition urged by the plaintiff, Century, that the Commissioner erred in ruling as income, liabilities which were forgiven by a creditor. The stipulations of the parties is before the Court, and the pertinent portions have been set forth in the beginning of this memorandum. From an examination of this, we find that on December 31, 1935, Century filed a proceeding for corporate re-organization under section 77B of the then Bankruptcy Act. The corporation thereafter acting through its trustee, on December 9, 1937 obtained a loan in the amount of $12,500 from the Camden Securites Company, the loan being secured by Camden Securities in the following fashion:

(a) It took an assignment of an outstanding judgment against Century in the amount of $10,500, and had execution issued thereon, with levy made on all of the assets of Century;

(b) It took a pledge of the 98 shares of Century's stock owned by Nick Fiorentino, as previously set forth.

Additionally, Camden Securites Company acquired without paying anything therefor, according to this record, claims of approximately $6,000 of general unsecured creditors, then outstanding against Century.

In January 1941, Century paid to Camden Securities Company the last installment on its $12,500 obligation, whereupon the creditor gave to Century a warrant of satisfaction for the judgment upon which it had levied and executed; it returned to Mr. Fiorentino the shares of stock in question; in addition it assigned to Century the various general creditor claims of approximately $6,000, whereupon, Century charged these claims off its books.

Century urges, that inasmuch as Camden Securities Company paid nothing for the obtaining of these claims, and that Century paid nothing of value to Camden Securities Company for the assignment to it of these general claims, that these items of claim constituted gifts and, therefore, as such were not reportable as gross income.

There is nothing in the record before this Court to indicate the identity of the creditors who gave up, or relinquished, these unsecured claims, but it is quite evident why such action was accomplished. Century was then in bankruptcy. Camden Securities Company was becoming the sole creditor, both secured and unsecured, of the taxpayer corporation, and by the acquisition of these additional claims improving its position as a creditor in the event of a default by Century. There is nothing to indicate that in the event of any such default by Century, Camden Securities Company would not, as with any creditor, enforce its claim in every proper legal fashion available to it. Century, however, did not default, but rather, paid off its indebtedness. Who can say at this time, whether or not Century was more inclined to pay its debt to Camden Securities Company because of these additional claims held by Camden Securities Company? Such a consideration at least enters the picture to such extent as to vitiate any argument by the taxpayer corporation that Camden Securities Company was making a gift. Can it be successfully contended that the intention of giving, or donative intent, existed at the time as required?[11] This Court is of the opinion, that under these facts and circumstances, it was not. And while there may not have been consideration passing as between Camden Securities Company and the general creditors, there was legally sufficient consideration under all the circumstances surrounding and passing between Century and Camden Securities Company in these integrated transactions to preclude classification as "gift," to determine the items in question as income in accordance with the holding of the Commissioner, with which ruling this Court is in accord.

11. Smith v. Manning, 3 Cir., 1951, 189 F.2d 345.

The amended complaint, filed after hearing was had in this matter, included in plaintiff's claim, as disallowed by the Commissioner as a properly deductable item—"The sum of $375.00 paid by the plaintiff in the year 1941 for a traffic engineer's services." Counsel for plaintiff does not argue or urge this point in his memorandum. There is nothing before the Court on this point; consequently, the Court deems this allegation to be abandoned.

The foregoing statement of facts, as stipulated by the parties to this action, and the law as set forth in the foregoing memorandum-opinion of the Court, the matters and things contained therein, shall be deemed to be a compliance with Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. with respect to required findings of fact and conclusions of law, unless a more formal compliance is requested by counsel for either party, in which event proposed findings and conclusions shall be submitted for the guidance of the Court.

Counsel will draft an order in conformity with the foregoing determination of claims.