*Decision will be entered under Rule 50.*

LOUIS H. PINK, SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, AS LIQUIDATOR OF LAWYERS MORTGAGE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92383. Promulgated July 26, 1938.

*Morris Barasch, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, and *J. C. Maddox, Esq*, for the respondent.

OPINION.

BLACK: On December 2, 1937, the Commissioner of Internal Revenue mailed a deficiency notice to "Lawyers Mortgage Company, In Rehabilitation, C/o Mr. Ralph B. Romaine, Special Deputy Superin-

tendent of Insurance of the State of New York." In the deficiency notice the Commissioner determined a deficiency of $19,116.20 for the calendar year 1934. On February 23, 1938, a petition was filed with this Board, captioned "Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Lawyers Mortgage Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent." The petition, in alleging facts to show jurisdiction in the Board, as required by Rule 6 (b) of the Board's rules of practice, among other things, alleges as follows:

1. (a) The petitioner is the Superintendent of Insurance of the State of New York, pursuant to appointment duly made, under which appointment he is now acting as Superintendent of Insurance of the State of New York, having duly qualified to act, and as Superintendent of Insurance of the State of New York, the petitioner is the liquidator of Lawyers Mortgage Company.

(b) At all times hereinafter mentioned, Lawyers Mortgage Company (hereinafter referred to as the "Company") was a domestic corporation, duly organized and existing under the laws of the State of New York, with its principal office and place of business at 345 Madison Avenue, New York City, New York.

(c) From about May 4, 1931 to about May 10, 1935, George S. Van Schaick was Superintendent of Insurance of the State of New York, pursuant to appointment duly made, under which appointment he acted as Superintendent of Insurance of the State of New York, having duly qualified to act.

(d) On or about August 2, 1933, an order of the Supreme Court of the State of New York was duly made and entered in the office of the Clerk of the County of New York, wherein the said George S. Van Schaick and his successors in office, as Superintendents of Insurance of the State of New York, were authorized and directed to take possession of the property of the Company, conduct its business, rehabilitate the same pursuant to the provisions of Article XI of the Insurance Law of the State of New York and all other provisions of law applicable thereto, and deal with the property and business of the Company in its name, and thereupon the said George S. Van Schaick, as Superintendent of Insurance, took possession of the property and business of the Company and proceeded to rehabilitate its affairs and deal with its property and business in its name, as Rehabilitator.

(e) Louis H. Pink, petitioner herein, duly became the Superintendent of Insurance of the State of New York on May 10, 1935, as successor to the said George S. Van Schaick, and by virtue of such appointment duly became the successor rehabilitator of the Company.

(f) On or about November 17, 1937, an order of the Supreme Court of the State of New York was duly made and entered in the office of the Clerk of the County of New York, wherein it was ordered, adjudged and decreed that the Company be placed in liquidation and that Louis H. Pink, the petitioner herein, or his successors in office, as Superintendents of Insurance of the State of New York, forthwith take possession of the property and liquidate the business of the Company, pursuant to the provisions of Article XI of the Insurance Law of the State of New York and all other provisions of law applicable thereto; and by said order the said Louis H. Pink, petitioner herein, or his successors in office, as Superintendents of Insurance of the State of New York, were duly vested with title to all property, contracts and rights of action of the Company and were directed to deal with the said property, contracts, rights of action and

business of the Company in the name of the Superintendent of Insurance of the State of New York. The petitioner, as such Superintendent of Insurance, upon the entry of the said order, took possession of the property, contracts, rights of action, and business of the Company and proceeded to liquidate its affairs.

(g) The official office of the petitioner as Superintendent of Insurance of the State of New York is at Albany, New York; his office where he transacts most of his business as liquidator of the Company is at 345 Madison Avenue, New York City, New York.

(h) On or about November 17, 1937, the petitioner herein, Louis H. Pink, Superintendent of Insurance of the State of New York, duly appointed and designated Ralph B. Romaine, Special Deputy Superintendent of Insurance of the State of New York, to act as his Statutory Agent in the liquidation of the Company and the said Ralph B. Romaine has been ever since and now is in charge of the liquidation of the Company as Agent of the Superintendent of Insurance of the State of New York.

(i) The return for the period here involved was filed with the collector for the third district of New York.

The petition then assigns numerous errors to the action of the Commissioner in his determination of the deficiency and enumerates in several paragraphs the facts relied upon to support the errors assigned. Inasmuch as the question we now have to decide is one of jurisdiction, we are not presently concerned with these latter parts of the petition. The Commissioner has not filed any answer to the petition, but on April 19, 1938, filed a written motion to dismiss the proceeding and as grounds therefor stated as follows:

The petitioner herein is Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Lawyers Mortgage Company, who is now engaged in the liquidation of the said Lawyers Mortgage Company and has been so engaged since on or about November 17, 1937, when the Supreme Court of the State of New York duly made and entered an order wherein it was ordered, adjudged and decreed that the Lawyers Mortgage Company be placed in liquidation and that Louis H. Pink, the petitioner herein, or his successors in office, as Superintendents of Insurance of the State of New York, forthwith take possession of the property and liquidate the business of the company pursuant to the provisions of Article XI of the Insurance Law of the State of New York and all other provisions of law applicable thereto. By virtue of such order and Article XI of the Insurance Law, the petitioner, Louis H. Pink, Superintendent of Insurance of the State of New York, became in effect a receiver under the supervision of the State court and the property under his control became in custodia legis. The State court took possession of the property not later than November 17, 1937. No petition for any redetermination of a deficiency determined by the Commissioner in respect of an income tax liability for the year 1934 imposed upon the Lawyers Mortgage Company, which would give this Board jurisdiction, could be filed with this Board after the taking of possession of the property of said Lawyers Mortgage Company by the State court. The petition herein was filed February 23, 1938.

The Commissioner's motion has been heard and both parties have argued the question of jurisdiction orally and in briefs which have been filed with the Board. Whether we have jurisdiction is con-

trolled by the provisions of section 274 (a) of the Revenue Act of 1936, which is printed in the margin.[1]  This section is not a new provision.  The same provision has been in prior revenue acts for many years, and has been several times construed by the Board.  The parties are agreed that the Superintendent of Insurance of the State of New York, when he takes charge of an insurance company under article XI of the New York Insurance Law, either for rehabilitation or liquidation, is a statutory receiver.  But petitioner does not admit that the receivership in such a case is one before any court of the State of New York.  On the other hand, respondent contends that the liquidation of an insurance company by the Superintendent of Insurance of the State of New York is in effect a receivership under the supervision of a New York State court and the property of the insurance company in the possession of the Superintendent of Insurance becomes "in custodia legis."  Both parties cite our decision in *French & Co.*, 10 B. T. A. 665, as laying down the correct rule to be followed, but they differ as to the interpretation to be given our opinion in that case when applied to the facts as disclosed in the instant case.  In *French & Co.*, *supra*, among other things, we said:

The statute does not require that the receiver shall be appointed by the court. It does specify that there shall be a receiver in a receivership proceeding before a court.  In those instances where statutes provide that certain officials shall take over the duties of a receiver or liquidating agent, and at the same time grant to a court the authority to supervise and control such receiver, so that the property may be said to be in the custody of the court and the receiver may be said to be its officer, the mere fact that the court does not appoint the receiver seems unimportant.  In such a case there has been a receiver appointed in a receivership proceeding before a court.  Such a case differs from the ordinary case of receivership only in manner of the appointment of the receiver.

In the *French & Co.* case, *supra*, we held that the Superintendent of Banks of the State of Oregon, in taking over the affairs of French & Co. (bankers) for liquidation, was not an officer of any court, that the assets taken over came into his possession and not into the possession or custody of any court, and that his action in taking over the affairs of French & Co. did not initiate any proceeding in any state or Federal court.  Of course if we could come to similar conclusions

[1] SEC. 274. BANKRUPTCY AND RECEIVERSHIPS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this title upon such taxpayer shall, despite the restrictions imposed by section 272 (a) upon assessments be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. * * * but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver.

in the instant case, our decision would not be difficult. We would hold that we had jurisdiction and would deny respondent's motion to dismiss. In view, however, of decisions which we shall subsequently discuss, we are unable to come to the conclusion that we have jurisdiction. Our jurisdiction is limited by section 274 (a), which we have already quoted in the margin.

The Superintendent of Insurance of the State of New York, in taking over the affairs of the Lawyers Mortgage Co., first for rehabilitation and later for liquidation, was acting under article XI of the Insurance Law of the State of New York, 27 McKinney's Consolidated Laws of New York. Article XI contains many sections and from a reading of them it would seem that it could be plausibly argued that the superintendent of insurance in acting under the provisions thereof was strictly a statutory receiver and not acting under any receivership proceeding in a state court of New York. Such was the view taken by the United States District Court for the Northern District of New York in *Farrell* v. *Stoddard, Superintendent of Insurance of New York*, 1 Fed. (2d) 802. In that case the court, among other things, said:

An examination of section 63 of the Insurance Law of the state of New York makes it clear that the superintendent of insurance is a public officer in the executive department of the state government, and that he still retains his character as a public officer when he acts as liquidator of insurance companies under the provisions of this statute. His power to act as custodian of the res comes alone from the statute. The judicial power can not change or modify this statute, or affect his power in any respect whatever. True, the defendant must first apply to the court for an order to act as liquidator. That, however, merely means that the court must give the signal to start the machinery under which the superintendent, the agent of the executive power, acts. Thereafter, the defendant, as the representative of the executive power, pays no heed to the court or its mandates. His chart is the statute under which he acts.

In *George S. Van Schaick, Superintendent of Insurance of the State of New York*, 32 B. T. A. 736, we followed *Farrell* v. *Stoddard, supra*, and held that we had jurisdiction of the proceeding. Our decision in the *Van Schaick* case was affirmed by the Second Circuit on another point. See *Commissioner* v. *Van Schaick*, 83 Fed. (2d) 940. The case of *Farrell* v. *Stoddard, supra*, was followed by the same United States District Court for the Northern District of New York in *Acken* v. *New York Title & Mortgage Co.*, 9 Fed. Supp. 521. This view was, however, reversed by the Second Circuit in *Tolfree* v. *New York Title & Mortgage Co.*, 72 Fed. (2d) 702. See also the Second Circuit's decision in *Jacoby* v. *Bond & Mortgage Guarantee Co.*, 72 Fed. (2d) 420. The later case decided the identical question involved in the *Tolfree* case, and decided it in the same way.

The two above cited cases were decided August 7, 1934, and therefore had been decided prior to our decision in *George S. Van Schaick*,

*supra*, but were not called to our attention. Respondent has now called them to our attention and urges them as authority to support his motion to dismiss the petition for lack of jurisdiction and as authority to show that the Board was in error in holding that we had jurisdiction in the *Van Schaick* case. We think the two cases cited support respondent's position. Those cases held that where the New York State Superintendent of Insurance by order of a state court had taken over the assets of a mortgage guarantee company and was administering them, the Federal court was without power, at a suit of holders of participation certificates in default, to appoint trustees of bonds and mortgages or to direct that property of a guaranteeing company be turned over to such trustee. In the *Jacoby* case, the court said:

* * * When the Superintendent, by order of the New York Supreme Court, took over the assets of the Bond and Mortgage Company, it took over a going business together with a right to administer the mortgages. By virtue of the order and Article XI of the Insurance Law, the Superintendent became in effect a receiver under the supervision of the state court, and the property under his control became in custodia legis (Citing cases). In such circumstances under established rules of law, the federal courts should not interfere with the possession of the state court. *Lion Bonding Co.* v. *Karatz*, 262 U. S. 77; *O'Neil* v. *Welch*, 245 Fed. 261. We can see no essential difference between the general character of the statute under which a department of state was appointed to manage and liquidate property in *Lion Bonding Co.* v. *Karatz* and *O'Neil* v. *Welch*, *supra*, and the statute involved in the present case, and we hold here that the District Court had no right to intervene.

The court concluded its opinion in the *Jacoby* case with this language:

* * * In either event the Superintendent has taken over a business under an order of the state court and is exercising functions which he is authorized to exercise in such cases by the New York law. This fact, irrespective of the wisdom or even the validity of his acts, makes it necessary for dissident certificate holders to seek relief in the *state court which had assumed prior jurisdiction*. [Italics ours.]

The opinion of the court in *Tolfree* v. *New York Title & Mortgage Co.*, *supra*, is to the same effect.

Petitioner endeavors to distinguish these cases from the instant case by pointing out that in the *Jacoby* case and the *Tolfree* case the Federal court was endeavoring to assume jurisdiction over property which was already in the hands of the superintendent of insurance under a New York State law, whereas in the instant case the Board of Tax Appeals is making no attempt to assume jurisdiction over property in the possession of the superintendent of insurance. That of course is true. But the significance of the court's holding in the two above cited cases to us, to which we must give heed, is that part of the court's holding which says that "By virtue of the order (order

of the Supreme Court of New York), and Article XI of the Insurance Law, the Superintendent became in effect a receiver under the supervision of the state court and the property under his control became in custodia legis." As we have already endeavored to point out, by reason of section 274 (a) we have no jurisdiction where, prior to the time of the filing of a petition with us, there has been the appointment of a receiver for the taxpayer in any receivership proceeding before any court of the United States or of any state or territory or of the District of Columbia. And while it is undoubtedly true that the Superintendent of Insurance of the State of New York in such a case as the instant case is a statutory receiver and not appointed by the court, nevertheless, as we pointed out in the *French & Co.* case, *supra*, "The statute does not require that the receiver shall be appointed by the court. It does specify that there shall be a receiver in a receivership proceeding before a court." It seems clear from the court's opinion in the *Jacoby* and *Tolfree* cases, *supra*, that in the instant case the allegations of the petition show that there is in effect a receivership proceeding before a New York State court and that petitioner is the receiver therein. It is, of course, true that the familiar doctrine of comity between courts of equal jurisdiction which was involved in the *Jacoby* case and in the *Tolfree* case is not involved in a proceeding before the Board of Tax Appeals. But the facts which brought the doctrine of comity between courts of equal jurisdiction into play in the *Jacoby* and *Tolfree* cases were that the Supreme Court of New York had assumed jurisdiction and that the proceeding was in effect a receivership pending in the proper state court having jurisdiction. This being true, and the petition having been filed subsequent to the appointment of the receiver, it follows that, because of the special limitations on our jurisdiction provided in section 274 (a), *supra*, we have no jurisdiction. Cf. *Financial & Industrial Securities Corporation*, 27 B. T. A. 989.

Our decision on the question of jurisdiction in *George S. Van Schaick*, *supra*, will no longer be followed. In the *Van Schaick* case we mentioned that the superintendent of insurance in that case was acting under section 63 of the Insurance Law of New York. That fact, however, is of no significance, as both parties herein are agreed that section 63 has been repealed and article XI, which has been substituted for it, is simply an extension and elaboration of section 63.

Reviewed by the Board.

> *Decision will be entered that the proceeding be dismissed for lack of jurisdiction.*