BANCO DI NAPOLI AGENCY IN NEW YORK, BY WILLIAM R. WHITE, SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 110979, 111558. Promulgated November 12, 1942.

*R. C. Whitley, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The respondent has moved to dismiss these proceedings for lack of jurisdiction on the ground that the petition was filed after the appointment of a receiver for the taxpayer. The deficiency in each case was determined against Banco di Napoli Direzione Generale Napoli, and the notice of deficiency was sent to that taxpayer. The petition in each case was filed in 1942 by the Superintendent of Banks of the State of New York, who says that he took possession of the business and property in New York of Banco di Napoli on December 11, 1941, pursuant to section 606 of the Banking Law of the State of New York.

Section 274(a) of the Revenue Act of 1936 provides in part that no petition may be filed with this Court after the appointment of a receiver in any receivership proceeding before a state court. The Superintendent of Banks of the State of New York apparently takes over property, and took over this property, without any specific order from a court. But it has been held under similar statutory provisions that the action of a state officer in taking possession of assets under authority of law is the equivalent of the appointment of a receiver, for the purpose of section 274. *Louis H. Pink, Superintendent of Insurance of the State of New York*, 38 B. T. A. 182; *Clifton City Bank*,

6 B. T. A. 643. The Superintendent of Banks of the State of New York, in taking possession of the assets of this taxpayer under section 606 of the Banking Law of New York, was acting in a receivership proceeding in a state court. *In re Bologh*, 185 Fed. 823; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; 107 N. E. 644; *Isaac* v. *Marcus*, 258 N. Y. 257; 179 N. E. 487. This Court is without jurisdiction in these proceedings.