**CENTURY TRANSIT CO. v. UNITED STATES.**

Civ. A. No. 11897.

United States District Court
D. New Jersey.

Aug. 24, 1951.

Heine & Heine, by Norman Heine, Camden, N. J., for plaintiff.

Grover C. Richman, Jr., U. S. Dist. Atty., Newark, N. J., for defendant.

MADDEN, District Judge.

This is a matter wherein the plaintiff, Century Transit Co., a corporation of the State of New Jersey, hereinafter called the "taxpayer" sues to recover income tax, declared value excess profits tax and excess profits tax assessed against it for the years 1939, 1940 and 1941. The defendant, United States of America, hereinafter referred to as the "government", moves to dismiss the complaint upon the grounds of lack of jurisdiction.

The allegations briefly stated are these: On January 19, 1943 taxpayer received from the Commissioner of Internal Revenue a notice of deficiency under Section 272(a) of the Revenue Act, 26 U.S.C.A. § 272(a) in respect of the taxable years ended December 31, 1939, 1940 and 1941. On January 26, 1943 taxpayer filed with the Commissioner of Internal Revenue an offer to compromise the tax deficiencies. On April 16, 1943 (before determination of the offer of compromise), and within the 90-day period prescribed in Section 272(a), supra, taxpayer filed a petition in the Tax Court for an appeal or redetermination of the deficiency. On May 7, 1943, the Commissioner, through his counsel, filed a motion to dismiss the appeal or alleged petition of appeal upon the grounds (as copied from the motion before the Tax Court):

"1. That the petition fails to comply with Rule 6(d) of the rules of practice before the tax court of the United States [26 U.S.C.A. § 1111] in that it does not contain clear and concise assignment of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency.

"2. That the petition fails to comply with Rule 6(e) in that it does not contain clear and concise numbered statements of the facts upon which the petitioner relies as sustaining the assignment of error."

This motion was heard by the Tax Court on June 23, 1943, and on June 25, 1943 that body entered an order of dismissal based upon the motion. Thereafter on June 30, 1943 and on September 24, 1943 taxpayer filed petitions to vacate the order of dismissal of June 25, 1943 upon the grounds that due to a misunderstanding between its local counsel and its Washington, D. C. counsel they had failed to appear in opposition to the motion on its return day or in lieu to offer an amendment to the petition on file before the Tax Court. These petitions were denied by the Tax Court. Thereafter taxpayer paid the deficiencies and filed a claim for refund which was rejected. The taxpayer then instituted the present suit and the government moves to dismiss this action upon the ground that Section 322(c), 26 U.S.C.A. § 322(c) prohibits this action because taxpayer made its election by filing an appeal with the Tax Court.

Section 322(c) provides:

"(c) Effect of petition to Board. *If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272(a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection,* no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made *and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court* except—

"(1) As to overpayments determined by a decision of the Board which has become final; and

"(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Board which has become final; and

"(3) As to any amount collected after the period of limitation upon the beginning

of distraint or a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Board which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive." (Emphasis supplied.)

It therefore appears that the government takes the position: that the Tax Court did not have jurisdiction because the taxpayer did not file or present to it a paper or petition complying with the rules of that body and necessary in order to invoke the jurisdiction of that court whereupon it moved to and obtained the dismissal of that proceeding, nevertheless such attempt while not constituting a legal appeal does constitute a legal election sufficient to deprive this court of jurisdiction under Section 322(c).

Where these matters have previously been considered by our courts it has seemed to turn on the question of whether the taxpayer had gone far enough to perfect an appeal to the Tax Court so that, that honorable body had jurisdiction to hear and determine the matter.

In Elbert v. Johnson, 69 F.Supp. 59, 61, speaking of this Section 322(c), District Judge Mandelbaum said, at page 61: "It is the timely filing of a *proper* petition in the Tax Court, rather than the decision of that Court which operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund." (Emphasis supplied.)

And in Cutting v. United States, D.C., 26 F.Supp. 586, a case very much like the present one, District Judge Campbell reviewed whether or not the paper filed with the Tax Court constituted an appeal sufficient to deprive the District Court of jurisdiction under 322(c) and concluded, 26 F.Supp. at page 593: "It, therefore, seems to me, that the paper, as filed, lacked not only the form, but also the substance of a petition for redetermination of the deficiency and did not confer upon the Board of Tax Appeals, jurisdiction in this case."

How then can the government be heard in the present case to say that they had the proceedings dismissed before the Tax Court because of lack of jurisdiction and now argue under Section 322(c) that such action before the Tax Court constitutes an election by the taxpayer sufficient to preclude any action before this Court.

I do not agree with this. This Court feels that before the District Court is precluded from jurisdiction under Section 322 (c) a proper petition must be filed to the extent that the Tax Court had jurisdiction of the cause. Accordingly, the motion to dismiss the complaint herein will be denied.