Nick FIORENTINO, Leon Di Abundo and Nick Di Abundo, Trustees in Dissolution of the Century Transit Co., a corporation of the State of New Jersey

v.

UNITED STATES of America.

No. 11590.

United States Court of Appeals
Third Circuit.

Argued Oct. 4, 1955.

Decided Oct. 24, 1955.

Walter Akerman, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Sp. Assts. to the Atty. Gen., Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., John H. Mohrfeld, III, Asst. U. S. Atty., Camden, N. J., on the brief), for appellant.

Norman Heine, Camden, N. J., for appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This case presents a question of the jurisdiction of a district court of the United States in an action to recover taxes paid to the federal government. The District Court for the District of New Jersey gave a money judgment for the taxpayer and the government appeals.[1]

The Commissioner of Internal Revenue in 1943 mailed to the taxpayer [2] a statutory notice of a deficiency for the years 1939, 1940 and 1941. This notice advised it of the determination of the deficiencies in its federal taxes for that period. Within the ninety days thereafter as provided by statute [3] the taxpayer filed a petition for redetermination with the Tax Court. The Commissioner, through his counsel, filed a motion for dismissal on the ground that the petition, in form, failed to comply with the rules and practices of the Tax Court. This motion was heard by the Tax Court and on June 25, 1943, the proceedings were dismissed for lack of prosecution. The Tax Court determined that the deficiencies existed in the amount determined by the Commissioner. Later the taxpayer paid the Collector in Camden, New Jersey, the amount of the deficiencies plus interest and filed claims for a refund which were disallowed and then proceeded to bring suit in the federal court for the district of New Jersey.

The question for our consideration is whether that court had authority to hear the case. The statutory provision is found in section 322 of the Internal Revenue Code of 1939.[4] This section provides that if a notice of deficiency has

1. See Century Transit Co. v. United States, D.C.N.J.1951, 99 F.Supp. 692; Id., D.C. N.J.1954, 124 F.Supp. 148.

2. Century Transit Company will be referred to as the taxpayer; the individual plaintiffs are its trustees in dissolution.

3. Int.Rev.Code of 1939, § 272(a) (1), 53 Stat. 82, 26 U.S.C.A.

4. Int.Rev.Code of 1939, § 322(c), 53 Stat. 92, 26 U.S.C.A.

been sent a taxpayer "and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed * * * no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court * * *." Then follow certain exceptions not relevant here.[5]

■ When one looks at the facts of this case and then reads the language of the statute there seems little doubt that the statutory language covers the matter precisely. The taxpayer did file his suit for redetermination with the Tax Court. The Tax Court eventually dismissed for lack of prosecution. The taxpayer could have appealed to the Court of Appeals.[6] He did not. The statute, we think, very effectively bars the suit in district court for recovery of the alleged overpayment. There is good authority squarely on the point that a dismissal for want of prosecution is a sufficient determination of the case by the Tax Court to bar the taxpayer from proceeding in district court. Monjar v. Higgins, 2 Cir., 1943, 132 F.2d 990; Resnik v. Welch, D.C.D.Mass.1941, 37 F.Supp. 112; accord, Warren Mfg. Co. v. Tait, D.C.D.Md.1932, 60 F.2d 982. Indeed, this is a situation anticipated by the Congress when the statute was passed, as is shown by the committee report.[7]

■■ The taxpayer cites and relies upon the case of Cutting v. United States, D.C.E.D.N.Y.1939, 26 F.Supp. 586 where a suit was permitted in the district court following taxpayer's earlier communication to the Board of Tax Appeals. If that case is to be regarded as properly decided it must be on the basis that the communication to the Board was so completely vague that nothing was presented to the Tax Court on which it could tell what the taxpayer wanted or why he wanted it. That a presentation to the Tax Court defective in form does not prevent the jurisdiction of that body from attaching see Continental Petroleum Co. v. United States, 10 Cir., 1936, 87 F.2d 91, certiorari denied 1937, 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883. The Tax Court rules provided amply for amendments to pleadings.[8] It is well settled that pleadings defective in form do not affect the jurisdiction of a court to entertain a case for whatever action may be appropriate therein.[9]

■ There is only one further point to discuss and the taxpayer makes much of it. As said above, the Commissioner's objection to the taxpayer's petition was that it was not in the proper form. The final dismissal by the Tax Court was for want of prosecution. The Commissioner now argues that the filing of the petition, although defective in form, barred the taxpayer from proceeding in the district court. The taxpayer regards this argument as a proof that the Commissioner has blown hot and cold and he does not think the Commissioner should be permitted to do so. He points to no rule of law requiring the Commissioner to be consistent at all stages of the proceeding, even assuming that there is an inconsistency, which we think there is not here.

The judgment of the district court will be reversed and the case remanded with directions to enter judgment for the defendant.

5. Int.Rev.Code of 1939, § 1117(d), 53 Stat. 161, 26 U.S.C.A., provides that "a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Commissioner * * *."

6. Int.Rev.Code of 1939, § 1142, 53 Stat. 165, 26 U.S.C.A.

7. This report is set out as a footnote to Moir v. United States, 1 Cir., 1945, 149 F.2d 455, 458 note 7.

8. Tax Ct. Rule 17, 26 U.S.C.A. following section 7453.

9. Thompson v. Terminal Shares, 8 Cir., 1937, 89 F.2d 652, 655, 657, certiorari denied Guaranty Trust Co. of New York v. Thompson, 1937, 302 U.S. 735, 58 S.Ct. 121, 82 L.Ed. 568; see also Binderup v. Pathe Exchange, Inc., 1923, 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308.