Mal NEWBERG, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 45, Docket 26669.

United States Court of Appeals Second Circuit.

Argued Nov. 1, 1961.

Decided Nov. 21, 1961.

Herbert M. Markham, of Markham & Strauss, New York City, for plaintiff-appellant.

Robert M. Hausman, Asst. U. S. Atty., S. D. N. Y., New York City (Robert M. Morgenthau, U. S. Atty., New York City, on the brief), for defendant-appellee.

Before CLARK, HINCKS, and FRIENDLY, Circuit Judges.

PER CURIAM.

We affirm on the reasoned opinion of Judge Metzner below, D.C.S.D.N.Y., 187 F.Supp. 158. As he shows, while failure of the government to file a tax claim against a bankrupt estate will prevent sharing in that estate, Bankruptcy Act, § 57, sub. n, 11 U.S.C. § 93, sub. n, yet the personal liability of the taxpayer remains and is not affected by a discharge, Bankruptcy Act, § 17, sub. a, 11 U.S.C. § 35, sub. a. The statutory provision is quite explicit and there is no room for estoppel or other defense. Hence the plaintiff's claim for income tax refund must fail notwithstanding his discharge in bankruptcy. California State Bd. of Equalization v. Coast Radio Products, 9 Cir., 228 F.2d 520; Salsbury Motors, Inc. v. United States, 9 Cir., 210 F.2d 171, certiorari denied 347 U.S. 953, 74 S.Ct. 679, 98 L.Ed. 1099; Menick v. Hoffman, 9 Cir., 205 F.2d 365, cited on argument by plaintiff, is not directly in point, but indeed looks the other way and in ac-

cord with the cases cited above; it holds the bankrupt "aggrieved" by a referee's order refusing a late amendment to increase the amount of a tax claim.

Affirmed.