David KORNBERG, Jr. and Mary Potoksky Kornberg, his wife, Plaintiffs,

v.

Laurie W. TOMLINSON, District Director of Internal Revenue for the State of Florida, Defendant.

No. 63–459–Civ–CF.

United States District Court
S. D. Florida,
Miami Division.

Jan. 9, 1964.

Herbert A. Warren, Jr., Carr & Warren, Miami, Fla., for plaintiffs.

Lavinia Redd, Asst. U. S. Atty., Wm. A. Meadows, Jr., U. S. Atty., for defendant.

FULTON, District Judge.

This cause having come before the Court upon the defendant's Motion to Dismiss, and the Court having heard argument, and otherwise being duly ad-

vised, the Court finds and rules as follows:

1. The complaint in this action asks injunctive relief against the defendant tax collector and makes the following pertinent allegations:

(a) The defendant is attempting to collect income tax deficiencies claimed to be owed to the government by the plaintiffs for the tax years 1959 and 1960.

(b) Plaintiffs have never received any statutory notice by registered mail (commonly referred to as the "Ninety Day Letter") of any tax deficiencies for either 1959 or 1960, which notice is provided for by 26 U.S.C. § 6213(a).

(c) On January 8, 1963, and January 14, 1963, the defendant filed with the Referee in Bankruptcy in the United States District Court for the Southern District of Florida, in Case No. 4855-M-BK, styled In the Matter of David Kornberg, Jr., and Mary Potoksky Kornberg, his wife, Bankrupts, proof of claim by the government for the tax deficiencies for 1959 and 1960.

(d) On May 20, 1963, the Referee in Bankruptcy entered an order disallowing the tax claims on the ground that they "were not filed within six months after the first date set for the first meeting of the creditors herein, nor within six months of the continued first meeting of creditors."

The complaint concludes with a prayer for an injunction enjoining the defendant from collecting or attempting to collect any sums from the plaintiffs as claimed deficiencies for the years 1959 and 1960.

2. A general prohibition against suits restraining the assessment or collection of taxes is provided in 26 U.S.C. § 7421 (a). An exception to this prohibition is provided for cases in which a "Ninety Day Letter" is required under 26 U.S.C. § 6213(a) and where such notice is not given before collection procedures are initiated.

3. To sustain the complaint for injunction in this case, plaintiffs must show that they are exempt from the statutory bar against tax injunctions. However, they do not accomplish this merely by alleging that they have failed to receive the "Ninety Day Letter" under 26 U.S.C. § 6213(a), unless they also establish that such procedure *was required* in their case.

4. The "Ninety Day Letter" requirement does not apply where the taxpayer has been adjudicated a bankrupt. In such cases, 26 U.S.C. § 6871(a) provides:

"Upon the adjudication of bankruptcy * * * any deficiency * * * shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed * * *."

In the present case, it has been alleged, in effect, that the plaintiffs were adjudicated to be bankrupts. Thus, it is apparent that the immediate-assessment procedure under Section 6871(a) would apply to plaintiffs, and not the "Ninety-Day" procedure of Section 6213(a). It therefore follows that this complaint for injunction is not excepted from the statutory bar of 26 U.S.C. § 7421(a).

5. Plaintiffs contend further, however, that a bankrupt taxpayer loses his right to a "Ninety Day Letter" only if an immediate assessment is made *and* a timely claim is filed and adjudicated in the bankruptcy proceeding. Nothing in Section 6871 expressly so provides. Subsection (a) provides that the tax collector "shall" make an immediate assessment upon adjudication of bankruptcy. Subsection (b) provides that tax claims "may" be presented to the bankruptcy court. It also appears that no court has construed Section 6871 in the manner urged by plaintiffs. On the contrary, the only case remotely bearing on the issue points the other way. Cohen v. Gross, 316 F.2d 521 (3d Cir.1963).

6. It is recognized that the courts have enjoined the assessment and collection of taxes, despite 26 U.S.C. §

**72**

7421(a), where the tax procedure was clearly illegal and where equity jurisdiction otherwise existed. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). However, the facts alleged in the present case do not meet the strict test recently laid down in Enochs v. Williams Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 833 (1963), where the Supreme Court said that such injunctive relief could be granted only if "it is clear that under no circumstances could the Government ultimately prevail."

Based on the foregoing conclusions, it is

Ordered, adjudged and decreed that the Defendant's Motion to Dismiss be granted, and that this cause be and the same is hereby dismissed, with prejudice.