SAMUEL J. KING, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2093–67.   Filed February 26, 1969.

*Thomas J. Stevens*, for the respondent.

### OPINION

SIMPSON, *Judge:* On September 30, 1968, the respondent filed a motion to dismiss the petition in this proceeding for lack of jurisdiction. The question thus raised is whether this Court has jurisdiction to redetermine a deficiency when the petition seeking redetermination was filed after the petitioner was adjudicated a bankrupt, but before his discharge and the termination of the bankruptcy proceeding, and when the Commissioner of Internal Revenue has neither assessed the deficiency nor filed a claim therefor in the bankruptcy proceeding.

On April 4, 1963, the petitioner filed a voluntary petition in bankruptcy with the Federal District Court of the Western District of Missouri, and was thereby adjudicated a bankrupt at the time of the filing of such petition purusant to section 18(f) of the Bankruptcy Act, 11 U.S.C. sec. 41(f). On January 25, 1967, a statutory notice of deficiency was issued to the petitioner[1] determining a deficiency in the petitioner's income tax for the calendar year 1962. On April 25, 1967,[2] the petitioner timely filed a petition, and on June 30, 1967, an amended petition, for redetermination of the deficiency by this Court. On June 24, 1968, the petitioner was discharged in bankruptcy, and on August 2, 1968, the bankruptcy proceedings were closed. The asserted deficiency has never been assessed against the taxpayer, and the respondent filed no proof of claim with respect to such deficiency in the bankruptcy proceeding.

The normal procedures for the determination of deficiencies and for petitioning this Court for redetermination of such deficiencies are set forth in sections 6212 and 6213 of the Internal Revenue Code of 1954.[3] Section 6212(a) authorizes the Secretary or his delegate to issue a notice of deficiency. Section 6213(a) provides that within the applicable period of time after the mailing of the statutory notice, the taxpayer may petition this Court for redetermination of the deficiency; and the deficiency may not be assessed or collected until the period for filing a petition in this Court has elapsed, or if a petition is filed, until our decision becomes final. Thus, the taxpayer against whom a deficiency is asserted is given an opportunity to contest it before payment.

Section 6871 establishes an exception to these normal procedures; it provides:

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency * * * determined by the Secretary or his delegate in

---

[1] No question has been raised as to whether the notice was sent to the proper person, and the record contains no evidence or allegation that it was sent to the wrong person. The bankruptcy proceeding was apparently a "no asset" case, and the record gives no indication that a trustee was appointed. Moreover, the respondent has not attempted to satisfy his claim out of the assets of the bankrupt estate, but must look to the petitioner's "after-acquired" assets, which are not and were not within the jurisdiction of the bankruptcy court. In view of these considerations, we cannot find that the notice of deficiency was improperly sent or that the petitioner is not a proper party in this proceeding.

[2] The petition was received by the Tax Court on Apr. 28, 1967. However, it was contained in an envelope that bore a U.S. postmark of Apr. 25, 1967, and therefore under sec. 7502(a), is deemed filed on that date.

[3] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.

respect of a[n income, gift, or estate] tax * * * shall, despite the restrictions imposed by section 6213 (a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a[n income, gift, or estate] tax * * * claims for the deficiency * * * may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

The respondent argues that subsection (b) operates as an absolute bar to the filing of a petition in this Court with respect to a deficiency determined for any year preceding the adjudication of bankruptcy. We disagree.

In *Pearl A. Orenduff*, 49 T.C. 329 (1968), this Court rejected a similar contention by the respondent. In that case, a statutory notice of deficiency was mailed to the taxpayer after the taxpayer had been discharged in bankruptcy and the bankruptcy proceedings had been closed. Based on the legislative history of the predecessor of section 6871, the Court said at page 332:

The section, as explained by the Senate committee report, was designed to place in the same court the power to adjudicate tax claims as well as the power to distribute the assets available for application on such claims. Otherwise, the assets of the debtor might be distributed before the tax claim could be perfected through the generally applicable administrative and Tax Court procedures. *Abel* v. *Campbell*, 334 F. 2d 339 (C.A. 5, 1964). This legislative purpose, on the other hand, does not require that a taxpayer be denied access to this Court when a completely new deficiency, neither assessed nor claimed in the bankruptcy court, is determined after the bankruptcy or receivership proceedings are closed.

The Court pointed out that the "no petition" language of section 6871(b) is qualified by "for any such redetermination"; therefore, it held that the "no petition" language applies only when there has been an immediate assessment under section 6871(a) or filing of a claim under the first clause of section 6871(b). Accordingly, the Court held that it had jurisdiction of a petition timely filed seeking redetermination of the deficiency. Cf. *Eli McDonald*, 23 B.T.A. 521 (1931).

The principle established in *Orenduff* was sharpened and applied in *John V. Prather*, 50 T.C. 445 (1968). In that case, the respondent duly filed claims for income tax deficiencies in the bankruptcy proceeding. After the taxpayer had been adjudicated a bankrupt, but while the bankruptcy proceeding was still pending, the respondent sent the taxpayer a notice of deficiency asserting the deficiencies presented in

the bankruptcy proceeding and also fraud penalties with respect thereto, and the taxpayer filed a timely petition with this Court. Before the close of the bankruptcy proceeding, the respondent also assessed such deficiencies and penalties against the taxpayer. We held that since the claim for the income tax deficiencies had been presented to the bankruptcy court, we lacked jurisdiction to redetermine them. However, since the claim for the fraud penalty was not and could not have been presented to the bankruptcy court, we held that we had jurisdiction to redetermine that claim. *Prather* thus applied the principle inherent in the reasoning of *Orenduff*: the "no petition" language of section 6871(b) operates as a bar to Tax Court jurisdiction only if the taxpayer has had an opportunity to litigate the asserted deficiency in the bankruptcy proceeding.

We think that the present case comes within the reasoning of *Orenduff* and *Prather*. The general purpose of the procedures established by sections 6212 and 6213 is to provide taxpayers with an opportunity to secure a judicial determination of any tax deficiency claimed by the respondent without having to pay such deficiency. Section 6871 makes an exception to the general procedures when there is a bankruptcy proceeding pending, but that section has been construed narrowly so as not to deprive taxpayers of the opportunity of litigating tax claims in some forum without having to pay them first. *John V. Prather, supra; Pearl A. Orenduff, supra; Eli McDonald, supra.* Section 6871(a) and the first clause of section 6871(b) were designed to enable the respondent to present his tax claims in the bankruptcy court. The second clause of section 6871(b) applies only when the respondent has taken such action as is necessary to offer the taxpayer an opportunity to litigate the tax claim in the bankruptcy proceeding.

In the present case, the respondent made no assessment of the deficiency, and he filed no proof of claim. Although the bankruptcy proceeding was still pending when he sent the notice of deficiency and when the petition was filed with this Court, the claim was not presented in such a manner as to be considered by the bankruptcy court. Though we do not know whether a claim could have been filed in the bankruptcy proceeding at the time the notice was sent or the petition was filed with this Court, we now do know that none was presented. Since the respondent took no action which would raise the claim before the bankruptcy court, this case is essentially like *Orenduff* and *Prather*.

The respondent could have presented his tax claim to the bankruptcy court, but elected not to do so because there were no assets then available for payment of the claim. Later, he sent the notice of deficiency to the petitioner, apparently recognizing the possibility of collecting the claim out of exempt or "after-acquired" assets. How-

ever, he seeks to deny the petitioner the opportunity to have the claimed deficiency redetermined by us, and if we hold that the petitioner is not entitled to his day in this Court, the effect would be to deprive him of his only opportunity to have the deficiency judicially determined before payment thereof.[4] In enacting the predecessor of section 6871, Congress intended to protect the interest of the Commissioner of Internal Revenue in the bankrupt's assets; that interest is protected by providing the Commissioner with authority, should he choose to exercise it, to have the tax claim litigated in the forum which has jurisdiction of the assets. There is no indication in the legislative history that Congress intended that, if the Commissioner failed to exercise that authority, the "no petition" language of section 6871(b) should operate to deny to bankrupts what Congress has offered to all other taxpayers—the opportunity to litigate a claim for income, estate, or gift taxes before payment. The provisions of section 6871 (a) and (b) can be read to protect that opportunity, and we should not adopt an interpretation which curtails it in the absence of a clear congressional intent to do so. See *Rutus Aereas Nacionales, S. A. (Ransa)* v. *United States*, 373 F. 2d 213 (C.A. 5, 1967); *Jamy Corporation* v. *Riddell*, 337 F. 2d 11 (C.A. 9, 1964), certiorari denied 380 U.S. 953 (1965); *Abel* v. *Campbell*, 334 F. 2d 339 (C.A. 5, 1964); *Cohen* v. *Gross*, 316 F. 2d 521 (C.A. 3, 1963); *John V. Prather, supra.*

The respondent argues that *Kornberg* v. *Tomlinson*, 225 F. Supp. 70 (S.D. Fla. 1964), affirmed per curiam 341 F. 2d 300 (C.A. 5, 1965), supports his position. In that case, the court held that the taxpayer could not enjoin collection of a deficiency even though the Government had failed to file a valid proof of claim in the taxpayer's bankruptcy proceedings. However, as indicated in *Orenduff*, *Kornberg* differs from the present case in that there was an immediate assessment of the deficiency in that case. The immediate assessment may give the taxpayer the opportunity to litigate the claimed deficiency in the bankruptcy proceeding. *Jamy Corporation* v. *Riddell, supra.* However, if the effect of *Kornberg* is to deny the taxpayer an opportunity to litigate the tax claim in the Tax Court, even though he has had no opportunity to litigate it in the bankruptcy forum, then we think

---

[4] We have stated the effect of holding that we lack jurisdiction in this case would be to deprive the taxpayer of any opportunity of litigating the tax claim before payment thereof. We have assumed that if we were to hold that we lacked jurisdiction, the taxpayer would still have the right to pay the tax claim and seek a refund thereof. Sec. 6512(a) ; sec. 301.6512–1(a)(1), Proced. & Admin. Regs. See also *Century Transit Co.* v. *United States*, 99 F. Supp. 692 (D. N.J. 1951), *id.* 124 F. Supp. 148 (D. N.J. 1954), reversed on another ground sub nom *Fiorentino* v. *United States*, 226 F. 2d 619 (C.A. 3, 1955) ; 3 Casey, Federal Tax Practice, sec. 11.20, pp. 192–193 (1955). However, in a footnote, Mr. Casey has cast some doubt on the correctness of this interpretation of sec. 6512(a). If the petitioner would not be entitled to a day in any court, then the reasons for construing sec. 6871 so as to hold that we have jurisdiction are even more persuasive.

such result is not required by the terms of the statute and is inconsistent with the legislative purpose.

Prior to the decisions in *Orenduff* and *Prather*, this Court decided a line of cases applying section 6871 or its predecessors to the Tax Court petitions of corporations which were in receivership for the purpose of liquidation or reorganization. E.g., *Banco di Napoli Agency in New York*, 1 T.C. 8 (1942); *Louis H. Pink, Supt. of Insurance of New York*, 38 B.T.A. 182 (1938); *Molly-'es Doll-outfitters, Inc.*, 38 B.T.A. 1 (1938); *Financial and Industrial Securities Corp.*, 27 B.T.A. 989 (1933); *Clifton City Bank*, 6 B.T.A. 643 (1927). In those cases, we held that such a corporation in receivership has no right to appeal to this Court from a statutory notice of deficiency mailed during receivership, even though the Commissioner had neither assessed the tax nor, at the time of our decision, presented his claim in the receivership proceeding. In most of those cases, the corporation was to be liquidated, and if the respondent did not present his tax claim in the receivership proceeding and thereby provide the taxpayer with an opportunity to dispute the claim in that proceeding, the respondent would not be able to collect it from the taxpayer at all. The case of individual taxpayers, such as the petitioner herein, is quite different. In the case of an individual, the respondent may choose, as in the present case, not to present his claim in the receivership proceeding, but to collect it from exempt or "after-acquired" assets of the taxpayer; and if we were to adopt the respondent's position in this case, the individual would have no opportunity to dispute the tax claim when it is collected from his exempt or "after-acquired" assets. Because of this difference between the consequences for a corporation involved in a liquidating proceeding and the consequences for an individual taxpayer, our holding in this case is distinguishable from most of those earlier cases. In addition, the principal controversy in these cases concerned whether the taxpayer was involved in a "receivership" or other proceeding of the type described in the predecessors of section 6871; it was assumed that if the taxpayer was so involved, this Court lacked jurisdiction. There was no consideration of the construction of the "no petition" language of section 6871(b) and its predecessors, or of the fact that there are limitations thereon, later adopted by *Orenduff*, *Prather*, and the present case. To the extent that our holding is inconsistent with any of those decisions, they will no longer be followed.

There are two other earlier decisions by this Court that should also be mentioned. Section 6861 authorizes the respondent to assess immediately a deficiency in gift, estate, or income tax when he believes that the delay involved in the normal procedures under section 6213 will jeopardize the collection of the tax. In *Ruby M. Williams*, 44 T.C. 673

(1965), and *Leon I. Ross*, 38 T.C. 309 (1962), the respondent made jeopardy assessments against taxpayers who were, or became, involved in receivership proceedings. This Court held that it lacked jurisdiction to redetermine the deficiencies. However, these cases are distinguishable from the case before us. In the *Williams* case, the respondent filed his claim in the receivership proceeding (*Cohen* v. *Gross, supra*) ; and in *Ross*, the receivership was of the type provided for by section 7403, which directs the receivership court to determine the merits of the tax claim.

The respondent contends that we should not apply the *Orenduff* holding to a situation in which the petition is filed with this Court while the bankruptcy proceeding is still pending. He argues that in such a situation we could not act on a motion to dismiss the petition because we would not know whether the respondent has made an assessment or filed a claim with the bankruptcy court until the bankruptcy proceedings are closed. However, this argument does not present any obstacle to our applying *Orenduff* and *Prather* in this case. In the first place, the situation suggested by the respondent is not now before us—in the case that we do have before us, we know that no assessment was made and no claim was filed during the pendency of the bankruptcy proceeding. In the second place, when such a situation is presented to the Court, there are a number of ways in which the Court could handle it. We have held that the "no petition" provision of section 6871(b) applies only when the respondent has taken steps sufficient to provide the bankrupt an opportunity to litigate the deficiency in the bankruptcy proceeding. If the respondent has not yet taken such steps when the petition is filed, the Court might defer acting on the motion to dismiss until the close of the bankruptcy proceeding, or it might deny the motion with leave to present it again if a timely claim for the deficiency is presented to the bankruptcy court. Since we are not here presented with the problem, we, of course, do not hold that these methods would be proper, but merely suggest them by way of example.

For these reasons, we hold that this Court has jurisdiction of the petition, and the respondent's motion to dismiss will be denied.

Reviewed by the Court.

*An appropriate order will be issued.*

---

DRENNEN, *J.*, concurring: I agree with the majority that respondent's motion to dismiss the petition should be denied, but for somewhat different reasons.

It is my impression from reading the legislative history of section 6871, I.R.C. 1954, that in enacting the provisions contained therein Congress was simply providing the Commissioner of Internal Reve-

858

nue with a procedure for immediate assessment of deficiencies in tax when the taxpayer had been adjudicated a bankrupt or is in receivership so the Commissioner can have his claim adjudicated by the bankruptcy court along with other claims against the bankrupt's estate and have his adjudicated claim paid out of the bankrupt's estate in order of its priority. Without such a provision, the Commissioner would either have to make a jeopardy assessment or issue a statutory notice of deficiency to the taxpayer and await the outcome of the Tax Court proceeding before he could make an assessment of the deficiency. By that time the bankrupt's estate may have been distributed in payment of other claims and the Commissioner would be unable to collect this tax due except from after-acquired assets.

The procedure provided by section 6871, when read together with the provisions of the bankruptcy law, contemplates that the district director will not only make an immediate assessment of the deficiency but will also file a claim for the tax due within 6 months after the first meeting of creditors, as provided in section 57(n) of the Bankruptcy Act (11 U.S.C. sec. 93(n)). If this is done the tax claim constitutes a preferred claim under section 64 of the Bankruptcy Act. If a timely claim is not filed, the tax claim would not ordinarily participate in the distribution of assets from the estate in bankruptcy. This would not bar collection of the claim, if properly adjudicated, against after-acquired assets except with respect to taxes due more than 3 years prior to the bankruptcy. Sec. 17(a)(1), Bankruptcy Act. That the provisions of section 6871 contemplate not only the immediate assessment of the deficiency but also the filing of a claim in, and the adjudication of that claim by, the bankruptcy court, is clearly supported by the regulations issued by the Commissioner of Internal Revenue, sec. 301.6871(a)-1 and 301.6871(a)-2(b), Proced. & Admin. Regs. See also *Cohen* v. *Gross*, 316 F. 2d 521 (C.A. 3, 1963). And certainly fair and equitable administration of the law suggests that if the Commissioner follows the procedure provided in section 6871 and makes an immediate assessment, he should also file a claim and have the claimed deficiency adjudicated by the bankruptcy court.

In my view the purpose of Congress in enacting section 6871 was to provide the Commissioner of Internal Revenue with an alternative procedure to that provided in section 6213, I.R.C. 1954, for adjudication and assessment of tax claims in the case of bankruptcy to protect the revenues. However, if, as here, the Commissioner does not follow that procedure but issues a notice of deficiency instead, and as a result the tax claim is never assessed during the bankruptcy and is never adjudicated by the bankruptcy court, in my opinion section 6871 becomes inoperative with respect to the bankrupt taxpayer and the usual procedures for adjudication and assessment of tax deficiencies

must be followed. As said in *Newberg* v. *United States*, 187 F. Supp. 158 (S.D.N.Y. 1960), affirmed per curiam 296 F. 2d 152 (C.A. 2, 1961), when the Commissioner has a claim against a bankrupt, he "can follow either course, the filing of a claim within the statutory period and participation in the assets of the estate, or the proceeding by subsequent action against after-acquired assets."

When the Commissioner chooses to follow the first course, section 6871 provides the exclusive ground rules and no petition may be filed in the Tax Court. Instead, the bankruptcy court is the exclusive forum for determining both the amount of the tax and the distribution of the assets among the creditors. *Cohen* v. *Gross, supra.* If, however, the Commissioner chooses to follow the second course and collect his claim from after-acquired assets rather than the bankruptcy estate, section 6871 has no applicability. When the Commissioner's claim is asserted after the bankruptcy proceedings are closed, *Pearl A. Orenduff*, 49 T.C. 329, or is not provable in the bankruptcy court, *John V. Prather*, 50 T.C. 445, section 6871 does not bar the taxpayer's proceeding in the Tax Court. Similarly, where, as here, the Commissioner asserts his claim too late for adjudication in the bankruptcy court, I think he must issue a notice of deficiency as provided in section 6213, I.R.C. 1954, before he can assess the tax, and the taxpayer may file a petition in the Tax Court. I see no reason why more significance should be given to the words "no petition \* \* \* shall be filed with the Tax Court after the adjudication of bankruptcy" contained in section 6871(b), than to the words "any deficiency \* \* \* determined by the Secretary or his delegate in respect of a tax \* \* \* shall \* \* \* be immediately assessed," contained in section 6871(a). I think under the scheme of the statutes only compliance with the language of section 6871(a) can trigger application of the provisions of section 6871(b). I find nothing in the statutes which specifically denies the Commissioner the right to issue a statutory notice of deficiency during the pendency of a bankruptcy proceeding, and I cannot conceive of Congress intending to deny the taxpayer the right to file a petition in the Tax Court if the notice of deficiency is issued, thus forcing him to lose his case by default. Consequently, I would deny respondent's motion to dismiss.

Unfortunately, in the relatively few cases in which this issue has been presented to this Court, the taxpayer has not been represented by counsel, as was the case here, as a result of which the Court does not have before it all of the issues and arguments that might be presented by a taxpayer represented by competent counsel. In this case, for example, no issue was raised as to the validity of the notice of deficiency. However, if it is concluded that section 6871 and the specific language quoted above must be given full effect in any bankruptcy situation, I would hold that respondent must follow the procedure

provided in section 6871(a) and cannot issue a valid notice of deficiency during the pendency of the bankruptcy proceeding. In such event the notice of deficiency issued to petitioner in this case would be invalid, and upon a proper motion by petitioner this proceeding could be dismissed on the ground that the notice of deficiency was invalid; respondent would then have to either proceed under the provisions of section 6871(a) or wait until the bankruptcy proceeding is closed and then issue a notice of deficiency if it is not otherwise too late to do so.

FEATHERSTON and IRWIN, *JJ.*, agree with this concurring opinion.

---

SCOTT, *J.*, dissenting: I agree with Judge Sterrett's dissent and have so indicated. However, if the statutes could properly be interpreted to permit respondent to elect to send a notice of deficiency [1] instead of making an immediate assessment during the pendency of a bankruptcy proceeding, in my opinion we lack jurisdiction in this case for a reason not discussed in the majority opinion except by a footnote reference. In my view respondent has issued no proper notice of deficiency in this case since under the provisions of sections 6212(b)(1) and 6903 he has not mailed the notice to the proper person.[2]

These sections appear to me to clearly require that any notice with respect to a tax liability of a bankrupt for a taxable year prior to the year of the adjudication of bankruptcy be sent while the bankruptcy proceeding is pending to the trustee or other fiduciary in bankruptcy. The trustee or other fiduciary in bankruptcy is the representative of the bankrupt's estate for all purposes involving Federal taxes during the pendency of the bankruptcy proceeding. The overall import of the statutes is that Federal taxes due for a year prior to the adjudication in bankruptcy should first be collected, if possible, from the bankrupt estate.[3]

---

[1] It should be noted that why respondent should choose to send a notice of deficiency when such action is not necessary to permit him to assess is not readily apparent.

[2] Sec. 6212(b)(1) provides:

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A or chapter 12, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

Sec. 6903(a) provides:

(a) RIGHTS AND OBLIGATIONS OF FIDUCIARY.—Upon notice to the Secretary or his delegate that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided, and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated.

[3] Sec. 64 of the Bankruptcy Act (11 U.S.C.) provides for priority of payment of Federal taxes and sec. 17 of the Bankruptcy Act (11 U.S.C. sec. 35) provides that a discharge in

In my view we must assume that the trustee or other fiduciary in bankruptcy was not derelict in the performance of his duty in notifying the respondent of the adjudication in bankruptcy.[4]

In my view we do not reach a problem of the taxpayer's right to contest a tax prior to payment since no proper notice of deficiency has been sent by respondent. Since petitioner has now been discharged from bankruptcy, respondent is prohibited by section 6213 from assessment of any income tax deficiency without issuance of a notice of deficiency in accordance with section 6212 unless there has been an assessment made during the pendency of the bankruptcy proceeding, which I gather there has not been in this case. Respondent, in my view, would be prohibited from assessment and collection of the deficiency on the basis of the notice from which this petition is filed, which notice in my view is a nullity since if the statutes are interpreted as authorizing respondent to send a deficiency notice during pendency of a bankruptcy proceeding such notice must be sent to the trustee or other fiduciary of the bankrupt estate.

This case is entirely different from *Pearl A. Orenduff*, 49 T.C. 329 (1968), and *John V. Prather*, 50 T.C. 445 (1968), both of which involved deficiency notices mailed to individuals after their discharge in bankruptcy, which notices were proper notices under sections 6212 (b) and 6903. This same conclusion was reached in *Eli McDonald*, 23 B.T.A. 521 (1931). The cases dealing with notices sent to taxpayers prior to the appointment of a receiver for their assets or their adjudication in bankruptcy but with petitions filed subsequent thereto involve a different issue from that involved in the instant case, even though in my view we correctly held in those cases that we lacked jurisdiction because of the provisions of the Internal Revenue laws

bankruptcy shall release a bankrupt from all his provable debts except Federal and State taxes.

Prior to 1967 there was no release from any Federal and State taxes but by amendment of the Bankruptcy Act in 1967 the exception from release by discharge in bankruptcy was made for "taxes which become legally due and owing by the bankrupt * * * within three years preceding bankruptcy." At the same time sec. 64 of the Bankruptcy Act was amended to be applicable only to taxes "which are not released by discharge in bankruptcy." These provisions give further support to the conclusion that during the pendency of the bankruptcy proceeding respondent must look to payment from the bankrupt estate in the hands of the trustee or other fiduciary. The discussion in *Bruning* v. *United States*, 376 U.S. 358 (1964), holding that post-petition interest continues to run on the part of a tax claim not discharged in bankruptcy refers to the "now familiar principle that one main purpose of the Bankruptcy Act is to let the honest debtor begin his financial life anew" not overriding the specific provision that debts for Federal taxes survive bankruptcy. However, this principle would support the interpretation of the statutes as requiring that during pendency of a bankruptcy proceeding the source for the collection of taxes is the bankrupt estate.

[4] Sec. 6036, I.R.C. 1954, specifically provides for such notification and respondent's regulations provide that notice by a copy of the court order shall be notice under sec. 6903 (sec. 301.6903–1(a), Proced. & Admin. Regs.) and that notice under any provision of the Bankruptcy Act (11 U.S.C.) shall be notice under sec. 6036. (Sec. 301.3036–1(a), Proced. & Admin. Regs.) See sec. 58 of the Bankruptcy Act (11 U.S.C. sec. 666) providing for notice to respondent of an adjudication of bankruptcy by the clerk of the court and the referee.

comparable to section 6871(b). The notice in those cases was valid but the intervention of the receivership or bankruptcy prior to the filing of a petition in this court caused this Court to lack jurisdiction. In cases involving issues of whether a certain assignment of assets was a "receivership proceeding before any court * * * of any State," the deficiency notices had been sent to the receiver, or the receiver had filed the petition questioning this Court's jurisdiction. See *Louis H. Pink, Supt. of Insurance of New York*, 38 B.T.A. 182 (1938), in which the notice was sent to the assignee of the assets and *Banco di Napoli Agency in New York*, 1 T.C. 8 (1942), in which the assignee of the assets filed the petition.

I would dismiss the petition in this case for lack of jurisdiction on the ground that respondent has issued no proper notice of deficiency.

STERRETT, *J.*, agrees with this dissenting opinion.

---

STERRETT, *J.*, dissenting: I view the statutory scheme of section 6871 differently from the majority.

Subsection (a) reads in part *"any deficiency* * * * determined by the Secretary or his delegate * * * *shall,* * * * *be* immediately *assessed* * * *."* (Emphasis added.) I read this language as *requiring* the Commissioner to assess any and all deficiencies he may determine against a bankrupt after the prescribed "adjudication of bankruptcy * * *." By requiring an assessment Congress has abrogated the necessity for the Commissioner to send a notice of deficiency which otherwise would be a requisite step to a valid assessment. Furthermore, the assessment creates an immediate debt which gives the Commissioner a basis for sharing in the division of any assets the bankrupt may have.

Subsection (b) furthers the statutory scheme by authorizing the Commissioner to file a claim for the "deficiency" with the bankruptcy court for adjudication "despite the pendency of proceedings for the redetermination of the deficiency" in the Tax Court. The paragraph then goes on to provide explicitly "but *no petition* for any such redetermination *shall be filed* with the Tax Court after the adjudication of bankruptcy * * *." (Emphasis added.) In my view "any such redetermination" refers to the redetermination of the deficiency which subsection (a) has required the Commissioner to assess.[1] Hence, no

---

[1] Support for this interpretation is to be found in S. Rept. No. 1983, 85th Cong., 2d Sess. (1958), which accompanied H.R. 8381 which became Technical Amendments Act of 1958 and amended sec. 6871 in a manner not here relevant: "However, it [sec. 6871(b)] specifically provides that no petition for redetermination of a deficiency may be filed with the Tax Court after adjudication of bankruptcy * * *." (p. 101)

petition may be filed with this Court with respect to any deficiency determined after the adjudication of bankruptcy. Cf. *Kornberg* v. *Tomlinson*, 225 F. Supp. 70 (S.D. Fla. 1964), affirmed per curiam 341 F. 2d 300 (C.A. 5, 1965).

It follows from the foregoing that I would grant the respondent's motion and dismiss the petition filed in the instant matter. It is appropriate to add, however, that in my view if a statute prohibits the filing of a petition in this Court, then *a fortiori* it renders the notice of deficiency which prompted the petition a nullity. Consequently, the notice here involved is also without effect. The Commissioner is now relegated, since the bankruptcy proceeding is closed, to sending a new notice of deficiency (if it is not barred by the statute of limitations) as a requirement to a subsequent valid assessment. See *Pearl A. Orenduff*, 49 T.C. 329 (1968).

RAUM, SCOTT, and DAWSON, *JJ.*, agree with this dissent.